3 CT CERT MAIL / JURY

Case 3:16-cv-03004-L   Document 1-3   Filed 10/27/16   Page 1 of 23   PageID 20

DALLAS COUN
9/13/2016 5:11:04
FELICIA PIT
DISTRICT CLE

Angie Avina

DC-16-11723

**CAUSE NO.** _____

| | | |
|---|---|---|
| **TODD LEITSTEIN,** | § | **IN THE DISTRICT COURT** |
|     **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | **DALLAS COUNTY, TEXAS** |
| **INSURANCE COMPANY,** | § | |
| **DAVID ROBERTS, and** | § | |
| **STEVE KRETSCHMAR,** | § | |
|     **Defendants.** | § | **_____ DISTRICT COURT** |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Todd Leitstein, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate"), David Roberts ("Roberts"), and Steve Kretschmar ("Kretschmar") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiff, Todd Leitstein, resides in Dallas, Texas.

3.    Defendant, Allstate Vehicle and Property Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate Vehicle and Property Insurance Company through its



EXHIBIT
B-1

registered agent for service, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

4.    Defendant, David Roberts, is an adjuster who works in Dallas, Texas. Plaintiff requests service of citation upon David Roberts at his place of business: **P.O. Box 672041, Dallas, Texas 75267**. Plaintiff requests service at this time.

5.    Defendant, Steve Kretschmar, is a general lines insurance agent, who engages in the business of selling property and casualty insurance in the State of Texas, and who operates under the course and working scope of employment with Allstate Vehicle and Property Insurance Company. Plaintiff requests service of citation upon Steve Kretschmar at his place of business: **624 West Bedford Euless Road, Unit A, Hurst, Texas 76053**. Plaintiff requests service at this time.

## JURISDICTION

6.    The Court has jurisdiction over Allstate Vehicle and Property Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Dallas County, Texas, with reference to this specific case.

7.    The Court has jurisdiction over David Roberts because this Defendant engaged in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Dallas County, Texas, with reference to this specific case.

8.   The Court has jurisdiction over Steve Kretschmar because this Defendant engages in the business of selling property and casualty insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Dallas County, Texas, with reference to this specific case.

## VENUE

9.   Venue is proper in Dallas County, Texas, because the insured property is located in Dallas County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.   Plaintiff asserts claims for fraud, breach of contract, negligence, gross negligence, negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11.   Plaintiff owns an Allstate homeowner's insurance policy, number 000829289907 ("the Policy"), which was issued by Allstate.  At all relevant times, Plaintiff owned the insured premises located at 6909 Quarterway Drive, Dallas, Texas 75248 ("the Property").

12.   Plaintiff came by Allstate through the recommendation of Kretschmar, and ultimately purchased the Policy through Kretschmar.  At the time the Policy was purchased, Kretschmar represented that the Policy Plaintiff purchased provided full coverage for hailstorm and windstorm losses.

13.   On or about March 18, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Dallas County, Texas, area.

14.     In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0412226425 to Plaintiff's claim.

15.     Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

16.     Allstate hired or assigned its agents, namely Roberts, to inspect and adjust the claim. In Allstate's denial letter, they claimed that the damage sustained by the Property did not reach the Policy deductible and thus no payment was forthcoming. Roberts' estimate generated an estimate of damages totaling $329.79, well below the Policy deductible of $9,511.00. This left Plaintiff no recovery to make proper repairs on their home.

17.     Allstate, through its agent, Roberts, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs, failed to include significant damage sustained by the Property in its estimate, and yielded an unrealistic amount to underpay coverage.

18.     Allstate has ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage that was not even included in Roberts' estimate. Roberts found damage to a solitary shingle on Plaintiff's 51 square roof. The third party inspector hired to investigate this claim found extensive damage to the roof system and its fixtures, namely the shingles, trim, valley metal, chimney flashing, pipe jack flashing, furnace vent, exhaust cap, roof vent, skylight flashing, and sheathing. As previously mentioned, the third party inspector also found damage to the Property's exterior, including the patio roof, exterior fascia, gutters, downspouts, and brick fencing.

19.     The damage to Plaintiff's Property is currently estimated at $83,526.20.

4

20.    Roberts had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third party inspector's as well as the difference in valuation is evidence of fraud on the part of Roberts.

21.    Furthermore, Roberts was aware of Plaintiff's deductible prior to inspecting the Property. Roberts had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

22.    Roberts misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Roberts made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the fraudulent estimate as a true representation of the damages.

23.    After reviewing Plaintiff's Policy, Roberts misrepresented that the damage was caused by non-covered perils. Roberts used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

24.    As stated above, Allstate and Roberts improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Allstate and Roberts misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

25.    Allstate and Roberts made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate and Roberts made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates

prepared Roberts.

26. Plaintiff relied on Allstate and Roberts' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

27. Upon receipt of the inspection and estimate reports from Roberts, Allstate failed to assess the claim thoroughly. Based upon Roberts' grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiff suffered damages.

28. Because Allstate and Roberts failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

29. Furthermore, Allstate and Roberts failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Roberts performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

30. Allstate and Roberts' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

6

31.  Allstate and Roberts' conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate and Roberts have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Allstate and Roberts have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

32.  Allstate and Roberts' conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Allstate and Roberts failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

33.  Additionally, after Allstate received statutory demand on or about July 5, 2016, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

34.  Allstate and Roberts' conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Roberts performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiff under the Policy.

35.  Specifically, Allstate and Roberts performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

36.     Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Roberts subpar inspection, Allstate failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

37.     Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Roberts' intentional undervaluation of Plaintiff's claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Roberts' understatement of the damage to the Property caused Allstate to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

38.     Allstate and Roberts' wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

39.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

40.     Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

8

41.     Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

42.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

43.     Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

44.     Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

45.     Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

46.     Allstate's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

47.    Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

48.    Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49.    Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

50.    Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

51.    Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.      Allstate represented to Plaintiff that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.      Allstate represented to Plaintiff that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.      Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.      Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

11

G.    Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

52.    Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages.  All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## NEGLIGENT HIRING

53.    Allstate has a basic duty as an employer who retains services of another to use reasonable care in investigating the background of that individual for fitness for the position, to remain knowledgeable of that fitness, and is liable if another person suffers damages because of a lack of fitness.  Defendant Allstate owed a duty to Plaintiff and that duty was breached.

54.    Allstate was negligent in that it knew or should have known that Roberts was an incompetent adjuster and unfit to handle claims on behalf of Allstate.  Specifically, Allstate should have known Roberts was incapable of performing the tasks necessary to perform a reasonable property damage inspection.

55.    Allstate failed to investigate, screen or supervise Roberts, who was the proximate cause of the damages suffered by Plaintiff in this action.

## FRAUD

56.    Allstate is liable to Plaintiff for common law fraud.

57.    Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and Allstate knew the

representations were false or made recklessly without any knowledge of their truth as a positive assertion.

58.    Allstate made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT DAVID ROBERTS

59.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

60.    Roberts' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

61.    Roberts is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Roberts is a "person" as defined by TEX. INS. CODE §541.002(2).

62.    Roberts' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

63.    Roberts' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a) (3).

64. Roberts knowingly underestimated the amount of damage to the Property. As such, Roberts failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

65. Furthermore, Roberts did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

66. Roberts' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Roberts pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Roberts. Specifically, Roberts' violations of the DTPA include the following matters:

  A. By his acts, omissions, failures, and conduct, Roberts has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Roberts' violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

  B. Roberts represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

  C. Roberts represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

14

D.     Roberts' actions are unconscionable in that Roberts took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Roberts' unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Roberts' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

67.     Each of Roberts' above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Roberts, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

68.     Roberts was negligent in his action and/or omission with regard to his adjusting of Plaintiff's claim. Roberts violated the standard of care and fell below the applicable standard of an insurance adjuster licensed by the state of Texas.  Those failures include one or more of the following acts or omissions:

A.     Failure to conduct a reasonable inspection;

B.     Failure to include covered damage that would be discovered as a result of a reasonable inspection;

C.     Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

D.     Failure to properly identify the cost of proper repairs to Plaintiff's Property; and

E.      Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to the Property.

69.    Roberts' acts and/or omissions constitute negligence. His conduct was the proximate cause of the damages sustained by Plaintiff.

70.    At all relevant times, Roberts was an agent or employee of Defendant Allstate.

71.    Roberts' unreasonable inspection was performed within the course and scope of his duties with Defendant Allstate. Therefore, Allstate is also liable for the negligence of Roberts through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72.    Roberts' actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11) (A) and (B):

A.      Roberts' actions when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk of harm to Plaintiff, considering the probability and magnitude of potential harm to Plaintiff; and

B.      Roberts had actual, subjective awareness of the of the risk involved, but never-the-less, proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

## CAUSES OF ACTION AGAINST STEVE KRETSCHMAR

73.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

## DTPA VIOLATIONS

74. Kretschmar' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.46. Specifically, his violations of the DTPA include, without limitation, the following matters:

   A. By his acts, omissions, failures, and conduct, Kretschmar violated sections 17.46(b)(2) and 17.46(b)(5) of the DTPA. Kretschmar' violations include causing confusion as to the Policy benefits, and representing that the Policy had benefits or characteristics that it did not possess.

   B. Kretschmar breached an express warranty during the sale of the Policy that the damages caused by wind and hail would be covered under the Policy, when they were not. This breach entitles Plaintiff to recover under sections 17.46(b) (12), 17.46(b) (20), and 17.50(a)(2) of the DTPA.

   C. The conduct, acts, omissions, and failures of Kretschmar are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

   D. The conduct, acts, omissions, and failures of Kretschmar are unconscionable in that he took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. This unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

75. Each of the above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Kretschmar, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

76.     Kretschmar was negligent in his action and/or omission with regard to his explanation of

the terms of coverage regarding Plaintiff's Policy. Kretschmar violated the standard of care

and fell below the applicable standard of an insurance agent licensed by the state of Texas.

Those failures include one or more of the following acts or omissions:

A.     Failure to adequately explain the coverage provided by the Policy;

B.     Failure to adequately explain the exclusions to coverage under the Policy;

C.     Failure to adequately explain endorsements added to Plaintiff's Policy;

D.     Failure to adequately explain what type of damage is not covered and why under

the Policy; and

E.     Failure to communicate to Plaintiff that Allstate would attempt to deny covered

damage under the Policy.

77.     Kretschmar's acts and/or omissions constitute negligence.  His conduct was the proximate

cause of the damages sustained by Plaintiff.

78.     At all relevant times, Kretschmar was an agent or employee of Defendant Allstate.

79.     Kretschmar's unreasonable actions and omissions were performed within the course and

scope of his duties with Defendant Allstate. Therefore, Allstate is also liable for the

negligence of Kretschmar through the doctrine of respondeat superior.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## MISREPRESENTATION REGARDING POLICY OR INSURER

80.   Kretschmar' conduct constitutes multiple violations of the Texas Insurance Code,

Misrepresentations Regarding Policy or Insurer.   TEX. INS. CODE §541.051(1)(a) and

TEX. INS. CODE §541.051(1)(b).   Specifically, Kretschmar misrepresented that the

Policy afforded benefits in the form of payment for hail and wind damages, when the Policy

did not.

### KNOWLEDGE

81.   Defendants made each of the acts described above, together and singularly, "knowingly,"

as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's

damages described herein.

### WAIVER AND ESTOPPEL

82.   Defendants waived and are estopped from asserting any coverage defenses, conditions,

exclusions, or exceptions to coverage not contained in any reservation of rights letter to

Plaintiff.

### DAMAGES

83.   The damages caused to the Property have not been properly addressed or repaired since the

claim was made, causing further damage to the Property, and undue hardship and burden

to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's

claims in violation of the laws set forth above.

84.   Plaintiff currently estimates that actual damages to the Property under the Policy are $83,526.20.

85.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

86.   For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

87.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

88.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

89.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

90.     Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

91.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

92.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

93.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seek only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment

interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

94.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

95.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Dallas County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Allstate Vehicle and Property Insurance Company, David Roberts, and Steve Kretschmar be cited and served to appear, and that upon trial hereof, Plaintiff, Todd Leitstein, recover from Defendants, Allstate Vehicle and Property Insurance Company, David Roberts, and Steve Kretschmar such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any

other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Stephen Mengis
Bar No. 24094842
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF